UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RAY PALMER,<br><br>        Plaintiff,<br><br>vs.<br><br>TIME TO SHINE CAR WASH, INC.<br><br>        Defendant. | CASE NO.:<br><br>**COMPLAINT** |

**COMPLAINT**

Comes now, Ray Palmer ("Palmer" or "Plaintiff"), and files this Complaint against Defendant Time To Shine Car Wash, Inc., ("Defendant" or "the Company") seeking to recover damages for violations of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §2000 et seq. ("Title VII"). In support of the Complaint, Plaintiff alleges as follows:

**THE PARTIES**

1.    Plaintiff Ray Palmer is an adult citizen and resident of Mt. Pleasant, South Carolina.

2.    Defendant Time To Shine Car Wash, Inc., is a car wash chain with locations in South Carolina and Oklahoma, incorporated under the laws of Tennessee, with its principal place of business in Knoxville, Tennessee. Defendant maintains operations in Mt. Pleasant, South Carolina, and its registered agent for South Carolina is listed as Teresa Roper, 107 Thomason Boulevard, Goose Creek, South Carolina.

3.    At all times relevant to this action, Defendant was acting by and through its agents, servants, employees, and/or officers to include, but not limited to, those persons and/or

individuals named in the Complaint. As such, the Defendant is liable for actions and omissions of said individuals acting in the course and scope of their official duties pursuant to federal law, state law, and common law.

## JURISDICTION AND VENUE

4.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

5.     Venue is appropriate within this District because the causes of action alleged to have occurred in this Complaint occurred in the District and in this Division.

6.     On or about January 4, 2024, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") for race discrimination and retaliation under Title VII (415-2024-00611). Plaintiff received a Dismissal and Notice of Right to Sue Defendant from the EEOC on September 25, 2024.

7.     Thus, Plaintiff has exhausted his administrative remedies under the EEOC as to Defendant.

## RELEVANT FACTS

8.     Plaintiff is an African-American male and is currently a resident of Mt. Pleasant, South Carolina.

9.     Plaintiff was hired by Defendant and began working as a Site Manager for Defendant on or about March 30, 2023, at one of Defendant's newest locations in Mt. Pleasant, South Carolina.

10.     Upon information and belief, Defendant's owner was not pleased that then Chief

Operating Officer Dean King ("King") had hired Plaintiff due to his race.

11. As Site Manager, Plaintiff was paid $55,000 with the opportunity to make up to $80,000 based on performance goals. Soon after being hired, then Regional Manager Josh Hagan (hereinafter "Hagan") remarked to then King that Plaintiff was a "great hire," and Hagan began giving Palmer additional responsibilities.

12. In or around May 2023, the Company hired Chase Cursey (hereinafter "Cursey") to serve as Vice President of Operational Development. Shortly after Cursey was hired, he met with King and complained that the Company's two newest locations, Columbia and Mt. Pleasant, were underperforming.

13. King informed Cursey that the two locations were not performing as well as others because they were new, and that the Mt. Pleasant location in particular suffered from visibility issues. According to King, Cursey stated that the Mt. Pleasant location would never do as it could because it was "run by a black manager."

14. In or around May 2023, Hagan informed King that Cursey wanted Hagan to terminate the employment of Palmer and the Site Manager of the Columbia location, both of whom are black. King instructed Hagan not to terminate anyone's employment as the locations were meeting expectations and both King and Hagan believed Cursey's motivation to terminate the employees was based on their race. Hagan later resigned his employment.

15. In or around July 2023, Cursey remarked to Plaintiff that, "People in Mt. Pleasant want to see all-American types like Brett Farve running the car wash." It was clearly implied by Cursey that residents of Mt. Pleasant, who are mostly white, do not want to use a car wash managed by a black man.

16. On or about July 20, 2023, Plaintiff was honored with a gift card at the Company

quarterly meeting, acknowledging his good work, contrary to the assertions by Cursey that the Mt. Pleasant location was underperforming. Additionally, Plaintiff was given a quarterly bonus check for the Mt. Pleasant location meeting the Company quota.

17. On or about August 3, 2023, recently hired Regional Manager Ryan Fix (hereinafter "Fix"), who took Hagan's position following his resignation, arrived at the Mt. Pleasant location at 6:30 a.m. to find all employees were not present. Plaintiff, who was not scheduled to open on the day in question, properly reprimanded the employees who were late to open when he arrived at 7:00 a.m., but still received blame from Cursey who informed Plaintiff that he needed to be at the location every morning at 6:30 a.m. to open. This was contrary to the Employee Manual which only requires managers to open and close the location one day per week, as well as the fact that Plaintiff was not scheduled to open on the day in question and routinely worked 45-55 hours per week for Defendant.

18. Following Cursey's beratement of Plaintiff on or about August 3, 2023, Plaintiff complained to both Cursey and Human Resources that Plaintiff felt discriminated against by Cursey due to his race. Although these suspicions of racial discrimination were corroborated by both King and Hagan, Human Resources conducted a cursory investigation and requested that Cursey make an apology to Plaintiff. When Plaintiff approached Cursey about the insincere apology, Cursey stated, "Didn't I already apologize to you?" The Company's Owner, Zane Roper, even asked Plaintiff, "Did he really say Brett Farve?"

19. On or about August 25, 2023, Plaintiff returned to work following a brief leave he had taken to manage issues with his diabetes. On or about August 26, 2023, Plaintiff was informed by Fix that his employment had been terminated at the direction of Cursey. Fix further informed Plaintiff that he was terminated for being late even though Plaintiff was early for work

4

that day and it did not make sense to [Fix].

## **FIRST CAUSE OF ACTION**

### **(Discrimination Based on Race in Violation of 42 U.S.C. §1981)**

20.     Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

21.     42 U.S.C. §1981 provides as follows:

> (a) Statement of equal rights
> *All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,*
> *licenses, and exactions of every kind, and to no other.*
>
> (b) "Make and enforce contracts" defined
> *For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.*
>
> (c) Protection against impairment
> *The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.*

22.     42 U.S.C. §1981 prohibits discrimination based on race in employment contracts and employment-at-will relationships.

23.     Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination against Plaintiff based on race in violation of 42 U.S.C. §1981.

24.     Further, by the conduct described above, Defendant intentionally deprived Plaintiff the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of his employment relationship with Defendant, in violation of 42 U.S.C. §1981.

25. As a result of Defendant's discrimination in violation of 42 U.S.C. §1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling him to compensatory damages.

26. In unlawfully discriminating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

27. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. .

28. Further, as a result of Defendant's above-described conduct and violations of 42 U.S.C. §1981, Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

### (Discrimination and Retaliation Based on Race in Violation of Title VII, 42 U.S.C. 2000e, et seq.)

29. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

30. Based on the above-described acts, Plaintiff engaged in activity protected by Title VII by complaining of the discriminatory practices and or treatments by Defendant based on Plaintiff's race.

31. By the above-described acts, practices and omissions, Defendant engaged in unlawful retaliation against Plaintiff in violation of Title VII, 42 U.S.C. 2000e-3(a) when they

terminated Plaintiff's employment in response to his complaint of racial discrimination.

32. By the above-described acts, practices and omissions, Defendant violated Plaintiff's rights under Title VII, 42 U.S.C. 2000e-3(a) as they knew or should have known about the alleged discrimination and complaints made by Plaintiff and failed to prevent the discrimination and subsequent retaliation set forth above.

33. The reasons that Defendant submit for terminating Plaintiff's employment are false and pretext for unlawful discrimination.

34. In unlawfully retaliating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

35. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

**WHEREFORE**, Plaintiff Ray Palmer prays for judgement against Defendant in a just and equitable sum of actual, compensatory and punitive damages, for the costs of this action including attorney's fees, and for such other and further relief as this Court may deem just and proper.

                              BRETT M. EHMAN
                              Attorney at Law

December 19, 2024                    /s/ Brett M. Ehman
                              Brett M. Ehman
                              Fed. Id. No. 12844
                              S.C. Bar No.: 102443
                              Attorney for Plaintiff
                              2971 West Montague Avenue Suite 203
                              North Charleston, SC

29418 (843) 225-3607
brett@ehmanlaw.com